UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
=======================================X
PATRICK HOLNESS

                Plaintiff,

    -against-

THE CITY OF NEW YORK and
POLICE OFFICERS "JOHN DOE"
and "JANE DOE" said names being
fictitious and presently unknown,
SGT. JOSEPH SEYCHELL #4080,
DETECTIVE PATRICK SHEA #89091
DETECTIVE JOSEPH PERRY #4929
POLICE OFFICER ROBERT ZAJACT #7443
DETECTIVE DENNIS HEALY #7885
SGT. FRANK FERRARA #347
DETECTIVE THOMAS SULLIVAN #11426
POLICE OFFICER MICHAEL ROSATI # 24089
POLICE OFFICER JOSEPH RICHARDSON #7290
and DETECTIVE DAVID ISAKSEN #620,

              Defendants.
=======================================X

**SECOND AMENDED**
**COMPLAINT**

CV 03-5598 (NG) (MDG)

PLAINTIFF DEMANDS
A TRIAL BY JURY

    Plaintiff, by his attorneys, HECHT, KLEEGER, PINTEL & DAMASHEK, as and for their Verified Complaint herein, respectfully set forth and allege:

AS AND FOR A FIRST CAUSE OF ACTION ON
BEHALF OF PLAINTIFF PATRICK HOLNESS

    1.    That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

    2.    That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK was a corporation doing business in the State of New York.

    3.    That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK operated a police department as part of and in conjunction with its municipal function.

4.      That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK maintained said police department.

5.      That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK managed said police department.

6.      That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK controlled said police department.

7.      That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, its servants, agents and/or employees employed police officers, detectives, and other personnel, to work as representatives of THE CITY OF NEW YORK.

8.      That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK employed police officers, known herein as POLICE OFFICERS "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, to work as representatives of THE CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK employed SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, to work as representatives of THE CITY OF NEW YORK.

10.      That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK had the duty to ensure that the actions, activities and behavior of its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of other against unreasonable risk of harm.

11.      That at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, had the duty to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to other, including the plaintiffs herein.

2

12.     That at all times hereinafter mentioned, the defendants POLICE OFFICERS "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, were servants, agents, employees and/or representatives of the defendant THE CITY OF NEW YORK.

13.     That at all times hereinafter mentioned, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN were servants, agents, employees and/or representatives of the defendant THE CITY OF NEW YORK.

14.     That on the 30th day of April, 2003, the plaintiff PATRICK HOLNESS was present in his residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

15.     That on the 30th day of April, 2003, certain police officers and/or detectives and/or servants and/or agents of the police department of the defendant THE CITY OF NEW YORK were present in plaintiff's residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

16.     That on the 30th day of April, 2003, certain police officers and/or detectives and/or agents and/or servants of the police department of the defendant THE CITY OF NEW YORK entered and/or broke into the plaintiff's residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

17.     That on the 30th day of April, 2003, POLICE OFFICERS, "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, entered and/or broke into the plaintiff's residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

18.     That on the 30th day of April, 2003, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA,

DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN entered and/or broke into the plaintiff's residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

19.     That on the 30th day of April, 2003, the plaintiff PATRICK HOLNESS, was seized, assaulted and battered by said police officers and/or detectives and/or agents and/or servants of the Police Department of the defendant, THE CITY OF NEW YORK, while he was present in his said residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

20.     That on the 30th day of April, 2003, the plaintiff PATRICK HOLNESS, was seized, assaulted and battered by "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, while he was present in his said residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

21.     That on the 30th day of April, 2003, the plaintiff PATRICK HOLNESS, was seized, assaulted and battered by defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJAZT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, while he was present in his said residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

22.     That on the 30th day of April, 2003, the plaintiff PATRICK HOLNESS, was wantonly, intentionally, maliciously, illegally and unlawfully seized, assaulted, handcuffed, arrested, imprisoned, abused, threatened, and manhandled, in his said residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

23.      That on the 30th day of April, 2003, the plaintiff PATRICK HOLNESS, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, arrested, detained, imprisoned, photographed, abused, threatened and manhandled, by police officers and/or detectives and/or agents and/or servants of the police department of defendant, THE CITY OF NEW YORK, while he was present in his said residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

24.      That on the 30th day of April, 2003, the plaintiff PATRICK HOLNESS, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, arrested, detained, imprisoned, photographed, abused, threatened and manhandled, by Police Officers "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, while he was present in his said residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

25.      That on the 30th day of April, 2003, the plaintiff PATRICK HOLNESS, was wantonly, intentionally, maliciously, illegally and unlawfully seized, handcuffed, arrested, detained, imprisoned, photographed, abused, threatened and manhandled, by defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, while he was present in his said residential apartment located at 83 East 18th Street, Apartment 6, in the County of Kings, City and State of New York.

26.      That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, false imprisonment, intentional infliction of emotional distress, abuse of process, wrongful and/or improper procurement of a search warrant, excessive use of brutal force and wrongful assault and battery on the part of the police department of defendant, THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff

contributing thereto.

27.     That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, false imprisonment, intentional infliction of emotional distress, abuse of process, wrongful and/or improper procurement of a search warrant, excessive use of brutal force and wrongful assault and battery on the part of "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto.

28.     That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, false imprisonment, intentional infliction of emotional distress, abuse of process, wrongful and/or improper procurement of a search warrant, excessive use of brutal force and wrongful assault and battery on the part of defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSPEH RICHARDSON and DETECTIVE DAVID ISAKSEN, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto.

29.     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under Federal law, including the Civil Rights Act, Title 42 of the United States Code, Sections 1981, 1983 and 1988 and the rights under the Constitution and laws of the State of New York.

30.     Each and all of the acts of the defendants herein were done by the police department of defendant, THE CITY OF NEW YORK, its servants, agents and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said City and State.

31.     Each and all of the acts of the defendants herein were done by Police Officers "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said City and State.

32.     Each and all of the acts of the defendants herein were done by defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said City and State.

33.     That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to his great damage.

34.     That on/or about July 8, 2003, and within 90 days after the claim served upon arose, the plaintiffs caused a Notice of Claim, in writing, sworn to by the plaintiff, containing the name and post office address of the plaintiffs, and plaintiff's attorneys, the nature of the claim, the time when, the place where and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendant THE CITY OF NEW YORK, by delivering a copy thereof to the person designated by law as a

person to whom such claims may be served.

35.     That more than thirty (30) days have elapsed since the aforesaid Notices of Claim were served on the said defendant.

36.     That the said defendant THE CITY OF NEW YORK was negligent and has refused and neglected to adjust, settle and pay the same.

37.     That this claim has been commenced and this action has been started within one year and ninety days after the happening of the event upon which the claim is based.

38.     That all conditions and requirements precedent to the commencement of this action have been complied with.

39.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

40.     That by reason of the foregoing, plaintiff, PATRICK HOLNESS has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements and attorney's fees.

AS AND FOR A SECOND CAUSE OF ACTION ON<br>BEHALF OF PLAINTIFF PATRICK HOLNESS

41.     That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

42.     That on/or prior to the 30th day of April, 2003, the defendant, City of New York, its servants, agents, police officers, detectives and/or employees, obtained and/or secured a search warrant to enter and/or break into the plaintiff's said residential apartment without knocking.

43.     That on/or prior to the 30th day of April, 2003, the defendants POLICE OFFICERS, "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, obtained and/or secured a search warrant to enter and/or break into the plaintiff's said residential apartment without knocking.

44.     That on/or prior to the 30th day of April, 2003, the defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, obtained and/or secured a search warrant to enter and/or break into the plaintiff's said residential apartment without knocking.

45.     That on the 30th day of April, 2003, the police department of defendant, THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees, entered and/or broke into the plaintiff's said residential apartment without knocking.

46.     That on the 30th day of April, 2003, "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown entered and/or broke into the plaintiff's said residential apartment without knocking.

47.     That on the 30th day of April, 2003, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN Shield Shield Number 4080 entered and/or broke into the plaintiff's said residential apartment without knocking.

48.     That on the 30th day of April, 2003, the police department of the defendant, THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees, entered and/or broke into the plaintiff's said residential apartment pursuant to said search warrant.

49.     That on the 30th day of April, 2003, defendant POLICE OFFICERS "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, entered and/or broke into the plaintiff's said residential apartment pursuant to said search warrant.

50.      That on the 30th day of April, 2003, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, entered and/or broke into the plaintiff's said residential apartment pursuant to said search warrant.

51.      That on the 30th day of April, 2003, the police department of the defendant, THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees, executed said search warrant by entering and/or breaking into the plaintiff's said residential apartment.

52.       That on the 30th day of April, 2003, defendants, POLICE OFFICERS, "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, executed said search warrant by entering and/or breaking into the plaintiff's said residential apartment.

53.      That on the 30th day of April, 2003, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, executed said search warrant by entering and/or breaking into the plaintiff's said residential apartment.

54.      That on the 30th day of April, 2003, the police department of the defendant, THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees, unreasonably, carelessly, negligently, wrongfully, improperly and erroneously executed said search warrant by entering and/or breaking into and/or searching the plaintiff's said residential apartment.

55.      That on the 30th day of April, 2003, defendants, POLICE OFFICERS "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, unreasonably, carelessly, negligently, wrongfully, improperly and erroneously executed said search warrant

by entering and/or breaking into and/or searching the plaintiff's said residential apartment.

56.     That on the 30th day of April, 2003, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN unreasonably, carelessly, negligently, wrongfully, improperly and erroneously executed said search warrant by entering and/or breaking into and/or searching the plaintiff's said residential apartment.

57.     That at all times herein mentioned, the police department of the defendant, THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees, carelessly, negligently, wrongfully, improperly and erroneously secured and/or obtained said search warrant.

58.     That at all times herein mentioned, defendants, Police Officers,  "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, carelessly, negligently, wrongfully, improperly and erroneously secured and/or obtained said search warrant.

59.     That at all times herein mentioned, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, carelessly, negligently, wrongfully, improperly and erroneously secured and/or obtained said search warrant.

60.     That at all times herein mentioned, the police department of the defendant, THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees failed to exercise due and required care and failed to properly, thoroughly and adequately investigate, corroborate, confirm and/or legitimize the credibility of informants and/or information upon which they carelessly, negligently, improperly and erroneously obtained,

11

secured and executed said search warrant.

61.     That at all times herein mentioned, defendants, POLICE OFFICERS "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown failed to exercise due and required care and failed to properly, thoroughly and adequately investigate, corroborate, confirm and/or legitimize the credibility of informants and/or information upon which they carelessly, negligently, improperly and erroneously obtained, secured and executed said search warrant.

62.     That at all times herein mentioned, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN failed to exercise due and required care and failed to properly, thoroughly and adequately investigate, corroborate, confirm and/or legitimize the credibility of informants and/or information upon which he carelessly, negligently, improperly and erroneously obtained, secured and executed said search warrant.

63.     That at all times herein mentioned, the information upon which the police department of the defendant, THE CITY OF NEW YORK, unreasonably, carelessly, negligently, improperly and wrongfully obtained, secured and executed said search warrant was incorrect.

64.     That at all times herein mentioned, the information upon which defendants, POLICE OFFICERS "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, unreasonably, carelessly, negligently, improperly and wrongfully obtained, secured and executed said search warrant was incorrect.

65.     That at all times herein mentioned, the information upon which defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI,

POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, unreasonably, carelessly, negligently, improperly and wrongfully obtained, secured and executed said search warrant was incorrect.

66.     That at all times herein mentioned, the police department of the defendant, THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees failed to properly follow the rules and regulations of the Police Department of the City of New York in obtaining, securing and executing the said search warrant.

67.     That at all times herein mentioned, defendants, POLICE OFFICERS "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, failed to properly follow the rules and regulations of the Police Department of the City of New York in obtaining, securing and executing the said search warrant.

68.     That at all times herein mentioned, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, failed to properly follow the rules and regulations of the Police Department of the City of New York in obtaining, securing and executing the said search warrant.

69.     That at all times herein mentioned, the police department of the defendant, THE CITY OF NEW YORK, failed to properly and adequately promulgate, enforce, instruct, advise, abide by, require or ensure the appropriate rules, regulations, guidelines, procedures, policies or protocols with respect to obtaining, securing and executing the said search warrant.

70.     That at all times herein mentioned, defendants, POLICE OFFICERS "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, failed to properly and adequately promulgate, enforce, instruct, advise, abide by, require or ensure the appropriate rules, regulations, guidelines, procedures, policies or protocols with respect to obtaining, securing and executing the said search warrant.

71.     That at all times herein mentioned, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, failed to properly and adequately promulgate, enforce, instruct, advise, abide by, require or ensure the appropriate rules, regulations, guidelines, procedures, policies or protocols with respect to obtaining, securing and executing the said search warrant.

72.     That at all times herein mentioned, the police department of the defendant, THE CITY OF NEW YORK, its servants, agents, police officers, detectives and/or employees, acted in total and wanton disregard for the safety, protection, freedom, civil and Federal and State constitutional rights of the plaintiff.

73.     That at all times herein mentioned, defendants, POLICE OFFICERS "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, acted in total and wanton disregard for the safety, protection, freedom, civil and Federal and State constitutional rights of the plaintiff.

74.     That at all times herein mentioned, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, acted in total and wanton disregard for the safety, protection, freedom, civil and Federal and State constitutional rights of the plaintiff.

75.     That by reason of the foregoing, the plaintiff was caused to suffer severe and serious injuries and damages both physically and mentally, suffered grievous harm, embarrassment, defamation of character, damage to his good name, credit, character and reputation, and plaintiff was subjected to extreme public humiliation, scorn, contempt, derision and ridicule.

76.     That by reason of the foregoing, plaintiff PATRICK HOLNESS has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements and attorney's fees.

AS AND FOR A THIRD CAUSE OF ACTION ON
BEHALF OF PLAINTIFF PATRICK HOLNESS

77.     That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First and Second Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

78.     That at all times herein mentioned, the police department of the defendant, THE CITY OF NEW YORK, negligently failed to provide for the safety, security and protection of the plaintiff.

79.     That at all times herein mentioned, defendants, POLICE OFFICERS "JOHN DOE" and "JOHN DOE", said names being fictitious and presently unknown, negligently failed to provide for the safety, security and protection of the plaintiff.

80.     That at all times herein mentioned, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICAHEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON, and DETECTIVE DAVID ISAKSEN, negligently failed to provide for the safety, security and protection of the plaintiff.

81.     That at all times herein mentioned, the police department of the defendant, THE CITY OF NEW YORK, negligently failed to prevent the unreasonable, wrongful and mistaken obtaining, securing and execution of said search warrant, and the within incidents of unnecessary, unjustified and extraordinary violence and use of excessive force by police officers, detectives and/or personnel who were acting within the  course  and  scope  of  their employment for the said defendant herein.

82.     That at all times herein mentioned, defendants, POLICE OFFICERS "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown negligently failed to prevent the unreasonable, wrongful and mistaken obtaining, securing and execution of said search warrant, and the within incidents of unnecessary, unjustified and extraordinary violence and use of excessive force by police officers, detectives and/or personnel who were acting within the course and scope of their employment for the said defendant herein.

83.     That at all times herein mentioned, defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, negligently failed to prevent the unreasonable, wrongful and mistaken obtaining, securing and execution of said search warrant, and the within incidents of unnecessary, unjustified and extraordinary violence and use of excessive force by police officers, detectives and/or personnel who were acting within the course and scope of their employment for the said defendant herein

84.     That by reason of the foregoing, the plaintiff PATRICK HOLNESS was injured.

85.     That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, failure to provide for the safety, security and protection, lack of supervision and wanton and willful disregard on the part of the police department of the defendant, THE CITY OF NEW YORK, and without any negligence on the part of the plaintiff contributing thereto.

86.     That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, failure to provide for the safety, security and protection, lack of supervision and wanton and willful disregard on the part of defendant, Police Officers "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, and without any negligence on the part of the plaintiff contributing thereto.

87.     That the foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, failure to provide for the safety, security and protection, lack of supervision and wanton and willful disregard on the part of defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, and without any negligence on the part of the plaintiff contributing thereto.

88.     That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF PATRICK HOLNESS

89.     That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second and Third Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

90.     That all of the foregoing and the abuse of process by the police department of the defendant, THE CITY OF NEW YORK herein, its servants, agents, police officers, detectives and/or employees were in wanton, intentional and malicious disregard for the life, health, safety, freedom, protection, rights and well-being of the plaintiff.

91.     That all of the foregoing and the abuse of process by defendants, POLICE OFFICERS "JOHN DOE" and "JANE DOE", said names being fictitious and presently unknown, were in wanton, intentional and malicious disregard for the life, health, safety, freedom, protection, rights and well-being of the plaintiff.

92.     That all of the foregoing and the abuse of process by defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, were in wanton, intentional and malicious disregard for the life, health, safety, freedom, protection, rights and well-being of the plaintiff.

93.     That by reason of the foregoing, the plaintiff PATRICK HOLNESS has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements and attorney's fees.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF PATRICK HOLNESS

94.     That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third and Fourth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

95.     That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the plaintiff by the First and Fourteenth Amendments to the Constitution of the United States, and under Federal law, particularly the Civil Rights Act and 42 U.S.C. Sections 1981, 1983 and 1988 and arising under the law, statutes and constitution of the State of New York.

96.     Each and all of the acts of the defendant, City of New York, herein were done by the defendant, its servants, agents, police officers, detectives and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said City and State.

97.     Each and all of the acts of the defendant, POLICE OFFICERS "JOHN DOE" and "JANE DOE", herein were done by the defendant, under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said City and State.

98.     Each and all of the acts of the defendants SGT. JOSEPH SEYCHELL, DETECTIVE PATRICK SHEA, DETECTIVE JOSEPH PERRY, POLICE OFFICER ROBERT ZAJACT, DETECTIVE DENNIS HEALY, SGT. FRANK FERRARA, DETECTIVE THOMAS SULLIVAN, POLICE OFFICER MICHAEL ROSATI, POLICE OFFICER JOSEPH RICHARDSON and DETECTIVE DAVID ISAKSEN, herein were done by the defendants, under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said City and State.

99.     That by reason of the foregoing, the plaintiff PATRICK HOLNESS has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements and attorney's fees.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF PATRICK HOLNESS

100.     That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth and Fifth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

101.     That at all times herein mentioned, it was the duty of the police department of the defendant, THE CITY OF NEW YORK, to select and screen for hiring for retention or discharge as employees those who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated for such employment.

102.     That at all times herein mentioned, it was the duty of the Police Department of the defendant, City of New York, to train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and behaviors of its servants, agents, police officers, detectives, employees and/or personnel.

103.     That by reason of the negligence of the Police Department of defendant, City of New York, in their hiring, monitoring and retention of said police officers and/or detectives with knowledge of the unsuitable, unstable and unfitness to act and serve and unfitness to continue to act and serve as employees by reason of the defendant's breach of said duties, the plaintiff PATRICK HOLNESS was caused to suffer severe injuries and damage, without fault or want of care on the part of the plaintiff in any way contributing thereto, thereby causing his extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries which are permanent in nature and duration.

104.     That by reason of the foregoing, plaintiff PATRICK HOLNESS has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with costs, disbursements ant attorney's fees.

**WHEREFORE**, plaintiff demand judgment against the defendants, the amount sought on each Cause of Action exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together with the costs, disbursements and attorney's fees of this action, and with interest from the date of this occurrence.

Dated:   September 15, 2004
         New York, New York

Yours, etc.


By: _____
     JONATHAN S. DAMASHEK (JSD-1768)
     HECHT, KLEEGER, PINTEL
     & DAMASHEK
     Attorneys for Plaintiff
     275 Madison Avenue-Suite 1100
     New York, New York 10016
     (212) 490-5700